Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50105 | **DATE** | June 25, 2001 |
| **CASE TITLE** | WILLIAMS v. ROCKFORD PUBLIC SCHOOL DISTRICT #205 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons provided in the order on the reverse, Plaintiff's motion to amend the complaint is denied.

(11) ■ [For further detail see reverse of this order.]

|   | | | | |
|---|---|---|---|---|
|   | No notices required, advised in open court. | | | Document Number |
|   | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 5 2001 |  |
|   | Notified counsel by telephone. | | date docketed | |
|   | Docketing to mail notices. | | | |
|   | Mail AO 450 form. | | docketing deputy initials | |
|   | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| TML | courtroom deputy's initials | 01 JUN 25 PM 3:32 | date mailed notice | |
|   | | Date/time received in central Clerk's Office | mailing deputy initials | |

## Memorandum Opinion and Order

This court addresses Plaintiff's Motion to Amend Complaint, filed May, 17, 2001. Plaintiff's original complaint was filed on March 30, 2000 and was amended on July 13, 2000. Plaintiff now seeks to amend the complaint a second time to add an additional claim for retaliatory discharge. Plaintiff asserts that her motion to amend should be allowed pursuant to Rule 15(a). Fed. R. Civ. P. 15(a). Rule 15(a) provides that "leave (to amend) shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff asserts that, having, on April 5, 2001, filed a complaint in Illinois state court for retaliatory discharge, which is now the subject of a motion to dismiss in that court, Plaintiff should be allowed to file the same claim in the pending federal court litigation in case the state court claim is dismissed. Plaintiff would, otherwise, be left without a forum for her retaliatory discharge claim.

Plaintiff correctly identifies the standard for allowing motions to amend in Rule 15(a), however, it appears that permitting Plaintiff to amend her complaint would likely be futile. Additionally, it is clear that allowing Plaintiff to amend her complaint at this late date, after discovery has closed and Defendant's motion for summary judgment has been filed, would cause undue delay and prejudice Defendant. Finally, Plaintiff has not sufficiently demonstrated that good cause existed to prevent the timely filing of this motion.

The claim asserted by Plaintiff in her motion to amend the complaint may not survive a motion to dismiss as it appears to be time-barred. The Seventh Circuit has held that an amendment to a complaint may be held to be futile if it could not withstand a motion to dismiss. *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985). Plaintiff attempts to assert a retaliatory discharge claim against Defendant, claiming that she was terminated in retaliation for asserting her right to worker's compensation benefits. However, Illinois law provides that actions against a public entity must be commenced within a year of the accrual of the cause of action. 745 ILCS 10/1-206. Plaintiff's employment was terminated on March 8, 1999. In order to avoid the statute of limitation, Plaintiff would have had to file her claim prior to March 8, 2000 or demonstrate that the statute of limitations began running at a date later than March 8, 2001.

As stated above, this case is in the final stages of litigation in this court. Defendant's motion for summary judgment was filed on May 14, 2001. Plaintiff attempts to minimize the delay caused by allowing her motion to amend by stating that Defendant's motion for summary judgment can proceed without interference as discovery on the amendment would be completed before that motion is decided. Plaintiff claims that only one Rule 30(b)(6) deposition with some document production would be required. Plaintiff has already been granted several extensions in the discovery schedule in this case. During an April 11, 2001, discovery conference, Plaintiff was permitted a final extension in the discovery schedule to allow for a last minute Rule 30(b)(6) deposition. This court is not inclined to permit any further delay in the resolution of this case. Defendant should not be required to engage in further discovery to address a claim that appears futile when Defendant's motion for summary judgment is already on file.

Finally, this court simply cannot accept as justification for the delay in bringing this motion the claim that Plaintiff's counsel's caseload is too burdensome. While, the court sympathizes with Plaintiff's counsel's plight, that cannot serve as the basis for a decision to halt the progress of this litigation, in its final stages, and permit a new claim to be asserted at this time.

Accordingly, Plaintiff's motion to amend the complaint is hereby denied.