# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50105 | **DATE** | 2/11/2002 |
| **CASE TITLE** | WILLIAMS vs. ROCKFORD PUBLIC SCHOOLS DIST. 205 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion for summary judgment is granted. Defendant's motions to strike plaintiff's affidavit and portions of plaintiff's statement of additional facts are denied as moot. Plaintiff's motion for sanctions is denied. This case is hereby dismissed in its entirety with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

DOCKETED
FEB 12 2002

CAROLYN WILLIAMS,            )
                             )
         Plaintiff,          )
                             )
    v.                       )    No. 00 C 50105
                             )
ROCKFORD PUBLIC SCHOOLS      )
DISTRICT # 205               )
         Defendant.          )

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff, Carolyn Williams, filed a four-count complaint against defendant, Rockford Public School District No. 205. Count I alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") Count II alleges a violation of 42 U.S.C. § 1981. Count III alleges "harassment, hostile work environment, and retaliation" in violation of 42 U.S.C. § 2000e et seq. Count IV alleges discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") Jurisdiction is proper in this court under 28 U.S.C. § 1331 and 42 U.S.C. §§ 2000e-5(f)(3) (Title VII) and 12117(a) (ADA). Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 2000e-5(f)(3), 12117(a). Defendant's motion for summary judgment under Federal Rule of Civil Procedure 56, defendant's motions to strike plaintiff's affidavit and statement of additional facts, and plaintiff's motion for

sanctions under Federal Rule of Civil Procedure 11 are before the court.

## II. **BACKGROUND**

Plaintiff, a black woman, had been employed as a custodian by defendant since approximately 1985. (LR 56.1(a) ¶5) Plaintiff suffered various work-related injuries during her employment, most recently a right shoulder decompression on September 22, 1998. (Id. ¶ 6) Plaintiff was off work from the time of this injury until March 8, 1999. (Id., Tab A, Olson Aff., Exh. B) James Olson, defendant's General Director of Operations sent plaintiff a letter dated March 8, 1999, terminating plaintiff's employment because of medical restrictions limiting plaintiff's ability to lift over twenty-seven pounds to the waist, over twenty pounds from waist to shoulder, and over ten pounds overhead. (Id.) The letter also referenced pushing and pulling weight restrictions of forty pounds and thirty-eight pounds respectively. (Id.)

The termination letter was based upon a letter dated March 8, 1999, from Dr. Charles Carroll, which set forth the lifting, pushing and pulling restrictions under which plaintiff could return to work. (LR 56.1(a) ¶ 12, Olson Aff. Exh. A) These restrictions were matched up against plaintiff's job description and she was terminated. (LR 56.1(a) ¶ 12, Olson Aff. Exh. B) In

2

March 1999, plaintiff did not disagree with Dr. Carroll's conclusions or findings (LR. 56.1(a) ¶ 11), but maintains she was capable of performing her job because she did not actually have to lift weight in excess of the limitations. (LR 56.1(a), Tab B, Pl. Dep. pp.42-43) Plaintiff investigated numerous unskilled jobs in the Rockford area and nearly all required lifting more than twenty-five pounds. (LR 56.1(b) ¶¶ 79,88)

Plaintiff indicated, by first name only, two white employees she believed were allowed to return to work with restrictions. (LR 56.1(a) ¶ 15) She identified two black employees she believed were not allowed to return to work with restrictions. (LR 56.1(b) ¶ 91) The record does not show the nature of the restrictions of either the white or black employees.

### III. ANALYSIS

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See Hall v. Bodine Elec. Co., 276 F.3d 345, 352 (7th Cir. 2002). In order to avoid summary judgment, a plaintiff needs to supply evidence sufficient for a jury to render a verdict in plaintiff's favor. See Basith v. Cook County, 241 F.3d 919, 926 (7th Cir. 2001).

3

## A. ADA (COUNT IV)

The ADA prohibits discrimination against "a qualified individual with a disability because of the disability in regard to . . . advancement or discharge of employees . . . ." 42 U.S.C. § 12112(a). "The term qualified individual with a disability means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. § 12111(8).

"Disability" is defined in 42 U.S.C. § 12102(2) as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." Plaintiff concedes she does not actually have an impairment that substantially limits a major life activity under 42 U.S.C. § 12102(2)(A) (Pl. Resp. p. 2) but claims defendant regarded her as having such an impairment under 42 U.S.C. § 12102(2)(C). The substantial life activity she advances as being impaired is working.

To establish a prima facie case under this theory, plaintiff must show defendant regarded her as having an impairment that substantially limited her ability to perform a class or range of jobs. See Davidson v. Midelfort Clinic, Ltd., 133 F.3d 499, 511 (7th Cir. 1998). Lifting restrictions such as those defendant

4

believed were applicable to plaintiff do not constitute a substantial limitation on the major life activity of working. See Contreras v. Suncast Corp., 237 F.3d 756, 763 (7th Cir.), cert. denied, __ U.S. __, 122 S.Ct. 62 (2001). Plaintiff has not presented any other evidence defendant regarded her as being unable to work in a class or range of jobs.

The record shows defendant believed plaintiff could not perform the essential functions of the custodian job in its schools because of certain work restrictions set forth in Dr. Carroll's letter. However, nothing indicates defendant had a perception plaintiff could not work in any class or range of jobs. Plaintiff's affidavit states she investigated a large number of jobs for which she would not be qualified due to the medical restrictions. However, plaintiff presents no evidence defendant was aware of this. The most that can be inferred from the record is that defendant considered her unable to perform one job for one employer. See Davidson, 133 F.3d at 511.

Plaintiff cites DePaoli v. Abbott Labs., 140 F.3d 668 (7th Cir. 1998), Best v. Shell Oil Co., 107 F.3d 544 (7th Cir. 1997), and Cochrum v. Old Ben Coal Co., 102 F.3d 908 (7th Cir. 1996), in support of her claim that her lifting restrictions are sufficient to give rise to a "perceived" disability. The court in Contreras, distinguished these cases in holding that work restrictions (particularly lifting restrictions) similar to

5

plaintiff's did not qualify as a substantial limitation on working. See 237 F.3d at 763. While Contreras is an "actual impairment" case, it is instructive in this "regarded as" case. Where the work restrictions would not be sufficient to constitute an actual impairment, it cannot be presumed that an employer like defendant, faced with an employee with these work restrictions, would regard such an employee as being unable to perform a class or broad range of jobs. Plaintiff must supply specific evidence defendant believed plaintiff could not perform a class or broad range of jobs. See Davidson, 133 F.3d at 511. Plaintiff has not provided this evidence and cannot withstand summary judgment on this issue.

Plaintiff, in her memorandum in opposition to summary judgment, also briefly suggests that she has a record of impairment under 42 U.S.C. § 12102(2)(B). (Pl. Resp. p. 5) This suggestion is not developed and is insufficient to allow the court to consider it. See Sanders v. Village. of Dixmoor, 178 F.3d 869, 870 (7th Cir.), cert. denied, 528 U.S. 1020 (1999).

**B. TITLE VII AND § 1981 (COUNTS I AND II)**

Plaintiff asserts defendant discriminated against her based on her race in violation of Title VII. Title VII makes it unlawful for an employer to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of race. 42 U.S.C. § 2000e-2(a)(1). A

plaintiff may meet the burden of proof under Title VII by offering either direct proof of discriminatory intent or by proving disparate treatment through the indirect, McDonnell Douglas burden-shifting method. Contreras, 237 F.3d at 759. Under the McDonnell Douglas burden-shifting method, "the plaintiff must demonstrate that (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside his protected class more favorably." Id.

Plaintiff has presented no direct proof of discriminatory intent. Therefore, to establish a prima facie case, she must proceed under the McDonnell Douglas test. Plaintiff fails to meet the fourth prong of this test. The only evidence she submits for her claim is her statement that she knew of at least two white employees who were allowed to return to work with medical restrictions and at least two black employees who were not. Plaintiff identifies the white employees by first name only, and provides names for the black employees, but does not present any evidence concerning the facts of their situations. There is no evidence to show whether or not the employees in question were similarly situated. Their injuries, medical restrictions, circumstances of return to work or refusal to allow them to return to work do not appear in the record. Plaintiff

7

has not presented any evidence of disparate treatment. She has only presented her opinion which is not sufficient to withstand a summary judgment motion.

Likewise, plaintiff's claim under 42 U.S.C. § 1981 fails. She has not presented any evidence defendant had a policy of allowing white but not black employees to return to work with medical restrictions. She has not even presented any evidence of any incident of such discrimination, much less evidence of such a policy.

### C. HARASSMENT, HOSTILE WORK ENVIRONMENT AND RETALIATION (COUNT III)

Count III of plaintiff's complaint asserts "harassment, hostile work environment, and retaliation." Plaintiff makes no argument in her memorandum concerning these issues and has therefore abandoned the prosecution of these claims. See Arendt v. Vetta Sports, Inc., 99 F.3d 231, 237 (7th Cir. 1996). In any event, they have no merit as there is no support for them in the record.

### D. DEFENDANT'S MOTIONS TO STRIKE AND PLAINTIFF'S MOTION FOR SANCTIONS

Because the court grants defendant's summary judgment motion, it is unnecessary to reach it's motions to strike plaintiff's affidavit and portions of her statement of additional facts. These motions are therefore denied as moot.

Plaintiff's motion for Rule 11 sanctions also is denied. While defendant's gratuitous statement in its motion to strike

plaintiff's affidavit that "it appears that Plaintiff did not even see her Affidavit prior to its submission to this Court," carries an unsubstantiated implication of dishonesty on the part of plaintiff's counsel, it is also true that the motion for sanctions was not properly brought under the rules. The motion was filed and served on the same date. The rule requires 21 days to elapse from the date of service before the motion can be filed with the court. See Fed. R. Civ. P. 11(c)(1)(A).

### IV. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is granted. Plaintiff's motion for sanctions is denied. Defendant's motions to strike are denied. This case is hereby dismissed in its entirety with prejudice.

E N T E R:

PHILIP G. REINHARD, JUDGE
**UNITED STATES DISTRICT COURT**

DATED: February 11, 2002

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Carolyn Williams                      **JUDGMENT IN A CIVIL CASE**

       v.                                                    Case Number: 00 C 50105

Rockford Public Schools District #205

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted. Defendant's motions to strike plaintiff's affidavit and portions of plaintiff's statement of additional facts are denied as moot. Plaintiff's motion for sanctions is denied. This case is hereby dismissed in its entirety with prejudice.

All prior orders in this case are now final and appealable.

[FILED-WD 02 FEB 11 PM 4:23 CLERK U.S. DISTRICT COURT]

                                                     Michael W. Dobbins, Clerk of Court

Date: 2/11/2002                                  /s/ Susan M. Wessman
                                                        Susan M. Wessman, Deputy Clerk